# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Maria Martinez,<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-3287 |
| JLB Eatery Group, LLC, Hoson Lee, and<br>Joon Young Jeon,<br>  Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Summary of Lawsuit

Defendant JLB Eatery Group, LLC ("JLB") and its owners, Defendants Hoson Lee ("Lee") and Joon Young Jeon ("Jeon") (jointly, "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Maria Martinez ("Martinez" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA"). In addition, Martinez brings a claim for retaliation under the FLSA because Defendants drastically reduced Martinez's hours after she engaged in protected conduct by filing a complaint about Defendants' illegal actions with the U.S. Department of Labor. Defendants' retaliatory actions caused Martinez damages.

**Facts Supporting Relief**

**Allegations Related to Plaintiff's Claims**

1. Martinez worked for JLB from October of 2019 until December 30, 2023. Martinez's duties primarily included prepping food, cooking, and cleaning the restaurant.

2. During the time she worked for the Defendants, Martinez regularly worked over 40 hours per week.

3. JLB paid Martinez on an hourly basis. When Martinez began working for JLB, Defendant Jeon told her that she would be getting paid overtime pay for hours over 40. After a month of not being paid overtime pay, Martinez asked Jeon about the issue and he told her that she would not be getting paid overtime pay for hours over 40. Defendants did not allow Martinez to record the time she worked on Saturdays, and until September of 2023, paid her in cash for all Saturday hours that she worked.

4. Defendants never paid Martinez an overtime premium for any of the hours she worked over in a workweek. Instead, Defendants paid Martinez the same hourly rate for all the hours she worked ("straight time").

5. In September of 2023, Martinez filed a complaint with the U.S. Department of Labor ("DOL") regarding Defendants' failure to pay her legally required overtime pay.

6. On or about October 19, 2023, Defendants found out that Plaintiff had filed her DOL complaint.

7. Immediately after finding out about Martinez's DOL complaint, Defendants reduced Plaintiff's weekly hours to 40 or less from the 60-plus hours that Martinez had previously been working.

8. After finding out about Martinez's DOL complaint, Defendants began harassing Martinez and trying to get her to dismiss her DOL complaint and tried to get Martinez to lie to the DOL investigator and to tell her that Defendants had paid Martinez.

9. During Martinez's tenure with Defendants, Defendants took deductions from every paycheck that they paid Ms. Martinez. These deductions were not authorized by Ms. Martinez.

**Allegations Regarding FLSA Coverage**

10. Defendant JLB Eatery Group, LLC is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

11. During each of the three years prior to this complaint being filed, JLB was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

12. During each of the three years prior to this complaint being filed, JLB regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

13. During each of the three years prior to this complaint being filed, JLB conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

14. During each of the three years prior to this complaint being filed, JLB's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is,

goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

15. Because they determined how Martinez was paid and because they had control over the terms and conditions of Martinez's employment, Lee and Jeon individually are considered Martinez's employers under the terms of the FLSA.

16. Defendants were legally required to pay Martinez overtime pay for all hours that she worked for Defendant over 40 in any workweek.

17. Martinez worked over 40 hours in many workweeks that she worked for Defendants.

18. Defendants did not pay Martinez time-and-a-half for any of the overtime hours that she worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other restaurants that pay their employees all the money required by law.

19. The Defendants had full knowledge of the legal requirement to pay overtime pay for hours Martinez worked over 40. Martinez had discussed this issue with Defendant Jeon, who had falsely told her that she would be paid overtime pay. Defendants also paid Martinez in cash for the hours she worked most Saturdays and did not allow her to write those hours on her time sheet, an attempt to hide how many hours Martinez was actually working.

20. When Defendants found out that Martinez had filed the DOL complaint ("protected conduct"), they immediately retaliated against her by reducing the hours that Martinez worked each week, causing a significant reduction in her income, and by harassing her and attempting to induce her to lie to the DOL about Defendants' conduct.

21. The Defendants clearly knew that they were required to pay Martinez overtime pay for hours worked over 40, and thus Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

22. Defendants also retaliated against Martinez when she engaged in protected conduct by filing a complaint with the DOL about Defendants' illegal pay practices.

23. Defendants made unauthorized deductions without Plaintiff's authorization, which amount to theft of Plaintiff's wages.

## Causes of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

24. Defendants violated the FLSA by failing to pay Martinez overtime pay for hours worked over 40 per workweek.

25. Martinez has suffered damages as a direct result of Defendant's illegal actions in not paying her overtime pay.

26. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Violation of the FLSA's Anti-Retaliation Provisions

27. When she filed a complaint against Defendants with the DOL regarding the failure to pay overtime pay, Martinez engaged in conduct protected under the FLSA.

28. Defendants retaliated against Martinez for engaging in protected conduct by drastically reducing her pay, harassing her, and trying to force her to lie to the DOL about Defendants' conduct.

29. As a result of Defendants' retaliatory actions, Martinez has suffered damages, for which she seeks compensation in this lawsuit.

30. Martinez seeks actual damages in the form of loss of income due to the unlawful termination and liquidated ("double") damages based on those damages. Martinez was unable to find employment for a while, and the employment she was first able to get was for less money than she earned working for Defendants. Martinez is also entitled to recover compensation for consequential damages, including mental anguish, that she suffered due to the Defendants' actions. Finally, Martinez seeks recovery of exemplary damages due to the intentional and outrageous conduct of the Defendants in unlawfully terminating her employment.

## Unauthorized and Illegal Deductions

31. Defendants regularly made unauthorized and illegal deductions from Martinez's wages, effectively stealing her pay. Martinez is entitled to recover these wages as well as liquidated damages and attorneys' fees and costs.

## Defendant, Jurisdiction, and Venue

32. Defendant JLB Eatery Group, LLC may be served through its registered agent, Joon Young Jeon at 28810 Parker Ridge Dr., Katy, Texas 77494, or wherever he may be found.

33. Defendant Joon Young Jeon may be served with process at 28810 Parker Ridge Dr., Katy, Texas 77494, or wherever he may be found.

34. Defendant Hoson Lee may be served with process at 2420 Gessner Rd., Suite A, Houston, Texas 77080, or wherever she may be found.

35. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as

well.

## Demand for Jury

36. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. Judgment against Defendants for loss of income and consequential damages;
3. Judgment against Defendants for wages that were improperly and illegally withheld;
4. An equal amount to the overtime wage, loss of income, and illegally withheld wages damages as liquidated damages;
5. Judgment against Defendants that their violations of the FLSA were willful;
6. Exemplary damages as may be awarded by the trier of fact;
7. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
8. All costs and attorney's fees incurred prosecuting these claims; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
PO Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF MARIA MARTINEZ**